UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTOPHER RAFANO,

                        Plaintiff,                            **ORDER**
                                                                               CV 06-5367 (JFB) (ARL)

       -against-

PATCHOGUE-MEDFORD SCHOOL
DISTRICT, et al.,

                        Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is a series of letters from the parties. First, the defendants seek an order pursuant to Federal Rule of Civil Procedure 37(b)(2) precluding the plaintiff from offering any evidence at trial not produced during discovery in violation of two court orders directing him to do so. See Tola Letter, dated May 30, 2008. In addition, defendants seek an award of attorneys' fees and costs incurred in connection with their application. Plaintiff cross-moves for an extension of the discovery deadline and to compel "responsive answers" to plaintiff's interrogatories. See Gordon Letter, dated June 11, 2008. Defendants oppose the plaintiff's cross-motion by letter dated June 17, 2008. For the reasons that follow, the defendants' motion is granted in part and the plaintiff's motion is denied.

      The initial scheduling order, agreed to by both sides and enetered on January 30, 2007 set July 20, 2007 as the deadline for the completion of all discovery. See Scheduling Order, dated January 30, 2007. The parties sought no less than five extensions of the discovery deadline, all of which were granted. See Orders, July 2, 2007, September 21, 2007, December 26, 2007, January 25, 2008 and March 18, 2008. The court's order of January 25, 2008 warned counsel that given the number of extensions granted in this case that further extensions would not be granted. Nonetheless, on March 18, 2008 , when the court learned that the plaintiff's deposition could not go forward for reasons beyond counsel's control, the court set March 21, 2008 as the final deadline for the completion of discovery.

      On June 6, 2008, District Judge Bianco conferenced with counsel in connection with defendants' anticipated summary judgment motion. During this conference, plaintiff's counsel raised discovery issues which caused Judge Bianco to refer this matter to the undersigned. The plaintiff's June 11th letter followed.

      Plaintiff's letter, which requests an "extension" of the March 21st discovery deadline, actually seeks to re-open discovery. A motion to re-open discovery requires the movant to demonstrate "good cause," which may be satisfied based on the diligence of the moving party. Gray v. Town of Darien, 927 F.2d 69, 74 (2d Cir. 1991); Scott v. City of New York Dept. of

Correction, 2007 WL 4178405, at *8 (S.D.N.Y. Nov. 26, 2007).  Neither of these standards is addressed by the plaintiff.  The court cannot ignore that the reason the plaintiff seeks to re-open discovery is to permit him to move to compel "responsive" answers to his interrogatories and that this court has already denied that application.  See Order, dated March 28, 2008.  Plaintiff misrepresents the court's order insofar as he states that it ruled that he "could go ahead with the motion."  Rather, the court denied the plaintiff's motion as unsupported and untimely given that it was made after the close of discovery.  Id.  In light of the history of extensions and this court's warning on January 25th, the undersigned is unable to discern any good cause for re-opening discovery and none is provided. Accordingly,  plaintiff's motion is denied.

With respect to the defendants' motion to preclude the plaintiff from introducing certain evidence at trial, plaintiff's counsel fails to address the issues raised therein. Plaintiff's unexplained failure to comply with two court orders directing him to provide this discovery compels that he be precluded from introducing at trial responsive documents presumably within his possession and control namely any applications and/or correspondence between plaintiff, plaintiff's family and the schools to which plaintiff claims to have applied since 2003, any rejection letters from colleges to which the plaintiff has applied since 2003, any documents indicating that plaintiff achieved better grades in high school than was reflected on his transcripts, correspondence from plaintiff's mother to his high school concerning issues with the plaintiff's grades, and any records substantiating plaintiff's claim that the District canceled the plaintiff's scheduled sitting of an SAT examination.  To the extent that the defendant seeks authorization for Dowling College records that authorization must be provided no later than **July 3, 2008**.  Defendants' requests for attorneys' fees and costs is denied.

Dated: Central Islip, New York  
       June 24, 2008

**SO ORDERED:**

_____/s/_____  
ARLENE ROSARIO LINDSAY  
United States Magistrate Judge any